IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BELINDA KAY. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.4:12-CV-03339-REL-SSA |
| | ) | |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff Belinda Kay Williams seeks review of the final decision of the Commissioner of Social Security denying plaintiff's application for supplemental security income benefits under Title XVI of the Social Security Act ("the Act"). Plaintiff argues that the Administrative Law Judge (ALJ) failed to base plaintiff's residual functional capacity (RFC) on substantial evidence of record because the ALJ did not supplement the record through the receipt of medical opinions or the performance of consultative examinations. I find that the substantial evidence in the record as a whole supports the ALJ's finding that plaintiff is not disabled. Therefore, plaintiff's motion for summary judgment will be denied and the decision of the Commissioner will be affirmed.

I. *COMMISIONER'S DECISION*

On April 13, 2009, plaintiff protectively filed her current application for supplemental security income. Plaintiff alleged disability since July 1, 2002 due to a combination of physical and mental impairments (Tr. 173-79).[1] On June 9, 2009, plaintiff's claim was denied at the initial level (Tr. 118-22). On September 30, 2010, a hearing was held before the ALJ (Tr. 17-36). On November 3, 2010, the ALJ found that plaintiff was not under a disability as

---

[1] Previously, on August 21, 2002, plaintiff filed an application for supplemental security income benefits. In a decision dated October 22, 2008, ALJ Eric V. Benham found that plaintiff had been disabled during the period July 1, 2002 through December 18, 2008.but not subsequent thereto (Tr. 107-17). I find no evidence that plaintiff appealed ALJ Benham's decision. In his current decision, the ALJ found no basis to reopen the determinations/decisions on the 2002 claim. The ALJ found the 2008 decision was final and

defined in the Act (Tr. 6-15). On May 23, 2012, the Appeals Council denied plaintiff's request for review (Tr. 1-5). Therefore, the November 3, 2010 decision of the ALJ stands as the final decision of the Commissioner.

## II.   STANDARD FOR JUDICIAL REVIEW

Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner. The standard for judicial review by the federal district court is whether the decision of the Commissioner was supported by substantial evidence. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Mittlestedt v. Apfel, 204 F.3d 847, 850-51 (8th Cir. 2000); Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997); Andler v. Chater, 100 F.3d 1389, 1392 (8th Cir. 1996). The determination of whether the Commissioner's decision is supported by substantial evidence requires review of the entire record, considering the evidence in support of and in opposition to the Commissioner's decision. Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); Thomas v. Sullivan, 876 F.2d 666, 669 (8th Cir. 1989). "The Court must also take into consideration the weight of the evidence in the record and apply a balancing test to evidence which is contradictory." Wilcutts v. Apfel, 143 F.3d 1134, 1136 (8th Cir. 1998) (citing Steadman v. Securities & Exchange Commission, 450 U.S. 91, 99 (1981)).

Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. at 401; Jernigan v. Sullivan, 948 F.2d 1070, 1073 n. 5 (8th Cir. 1991). However, the substantial evidence standard presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. "[A]n administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id.

---

binding on the issue of plaintiff's disability during the previously adjudicated period (Tr. 9).

Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988).

## III.     BURDEN OF PROOF AND SEQUENTIAL EVALUATION PROCESS

An individual claiming disability benefits has the burden of proving she is unable to return to past relevant work by reason of a medically-determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). If the plaintiff establishes that she is unable to return to past relevant work because of the disability, the burden of persuasion shifts to the Commissioner to establish that there is some other type of substantial gainful activity in the national economy that the plaintiff can perform. Nevland v. Apfel, 204 F.3d 853, 857 (8th Cir. 2000); Brock v. Apfel, 118 F. Supp. 2d 974 (W.D. Mo. 2000).

The Social Security Administration has promulgated detailed regulations setting out a sequential evaluation process to determine whether a claimant is disabled. These regulations are codified at 20 C.F.R. §§ 404.1501, et seq. The five-step sequential evaluation process used by the Commissioner is outlined in 20 C.F.R. § 404.1520 and is summarized as follows:

1.  Is the claimant performing substantial gainful activity?

    Yes = not disabled.
    No = go to next step.

2.  Does the claimant have a severe impairment or a combination of impairments which significantly limits her ability to do basic work activities?

    No = not disabled.
    Yes = go to next step.

3.  Does the impairment meet or equal a listed impairment in Appendix 1?

    Yes = disabled.
    No = go to next step.

4.  Does the impairment prevent the claimant from doing past relevant work?

    No = not disabled.

Yes = go to next step where burden shifts to Commissioner.

5.  Does the impairment prevent the claimant from doing any other work?

    Yes = disabled.
    No = not disabled.

## IV. THE RECORD

The record consists of the testimony of plaintiff and George H. Horne, M.S., a vocational expert, at the September 30, 2010 hearing, in addition to documentary evidence admitted at the hearing.

### A. ADMINISTRATIVE REPORTS

The record contains an earnings record, which shows plaintiff earned the following income from 1976 through 2009:

| Year | Earnings | Year | Earnings |
|------|----------|------|----------|
| 1976 | $63.75 | 1993 | $3,544.22 |
| 1977 | 52.60 | 1994 | 3,878.13 |
| 1978 | .00 | 1995 | 6,185.62 |
| 1979 | 841.00 | 1996 | 4,386.62 |
| 1980 | 2,655.52 | 1997 | 80.00 |
| 1981 | 5,541.14 | 1998 | 182.15 |
| 1982 | 2,647.91 | 1999 | .00 |
| 1983 | 872.39 | 2000 | .00 |
| 1984 | 2,882.23 | 2001 | .00 |
| 1985 | .00 | 2002 | .00 |
| 1986 | .00 | 2003 | .00 |
| 1987 | .00 | 2004 | .00 |

| | | | |
|------|----------|------|-----|
| 1988 | .00      | 2005 | .00 |
| 1989 | 1,768.83 | 2006 | .00 |
| 1990 | .00      | 2007 | .00 |
| 1991 | .00      | 2008 | .00 |
| 1992 | .00      | 2009 | .00 |

(Tr. 181).

## B.  SUMMARY OF MEDICAL RECORDS

As summarized by plaintiff and the ALJ, the medical record reflects diagnosis and treatment of multiple medical problems including history of fibromyalgia, degenerative disc disease of the lumbar spine, and depression.

## C.  SUMMARY OF TESTIMONY

During the September 30, 2010 hearing, plaintiff and George H. Horne, M.S., a vocational expert testified.

### 1.  Plaintiff's Testimony

Plaintiff testified that she was 49 years old at the time of the hearing; has an eighth-grade education; and has not obtained a general equivalency degree (GED) (Tr. 20).

When questioned about her medical problems, plaintiff reported pain, numbness, and/or weakness (1) in her lower right back that radiates into her right knee and (2) in the right side of her neck that radiates into the fingers on the right hand. Plaintiff said that she is right handed. Plaintiff described problems walking, twisting her head, and using her right hand, caused by musculoskeletal problems. Plaintiff reported that her past use of prescription medication reduced the severity of the pain (Tr. 21-26).

When questioned about other physical problems, plaintiff testified that she was diagnosed

with chronic obstructive pulmonary disease (COPD) about four years prior to the hearing, that she uses a breathing machine two times a day, and that smoke, paint fumes, chemicals, and walking long distances aggravate her COPD(Tr. 28-29).

Plaintiff testified that she also has emotional problems including panic attacks during which her heart races and she feels like she is going to die. Plaintiff reported that it is hard to calm during an attack without her anti-anxiety medication. Plaintiff stated the panic/anxiety attacks are brought on by stress and being around people she does not know. Plaintiff also described worsening depression/crying spells and difficulty concentrating/focusing (Tr. 24-28).

2. **Vocational Expert's Testimony**

George H. Horne, a vocational expert, testified at the request of the ALJ.

The ALJ posed a hypothetical question with a limitation to medium work (Tr. 31). The hypothetical individual could stand or walk six hours out of eight hours; could sit six hours out of eight hours; and has mild limitations in understanding and remembering tasks, sustaining concentration and persistence, socially interacting with the general public, and adapting to workplace changes (Tr. 31). The expert opined that the hypothetical individual could perform medium-unskilled jobs including kitchen helper, cook helper, and laundry worker, and light-unskilled jobs including production assembler, small parts assembler, and office helper (Tr. 31).

In response to several modifications to the hypothetical question to make it consistent with plaintiff's claims about pain and mental limitations, the expert opined that such an individual would need to maintain attention and concentration, would be limited to typical morning-noon-afternoon breaks, would be limited to no more than eight days of unplanned absences a year, and would be required to perform work eight hours a day, 40 hours a week (Tr.

6

31-34).

## V. FINDINGS OF THE ALJ

ALJ Edward C. Graham entered his decision on November 3, 2010. The ALJ found that plaintiff had not engaged in substantial gainful activity since she filed her current claim on April 13, 2009 (Tr. 11). The ALJ found that plaintiff's history of fibromyalgia, degenerative disc disease of the lumbar spine, and depression are severe impairments (Tr. 11); that no impairment met or equaled the severity requirements of any Listing (Tr. 11-12), and that plaintiff had no relevant past work (Tr. 14). The ALJ determined that plaintiff retained the ability to perform a wide range of medium work (Tr. 12-14) and could perform jobs existing in significant numbers in the national economy (Tr.14-15). The ALJ found plaintiff was not disabled (Tr. 15).

## VI. RFC DETERMINATION

Plaintiff argues that the ALJ's RFC is not based on substantial evidence in the record.

First, as to her physical RFC, plaintiff argues the ALJ should have obtained a medical opinion.

"The ALJ is not required to rely entirely on a particular physician's opinion or choose between the opinions [of] any of the claimant's physicians." Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011) (quoting Schmidt v. Astrue, 496 F.3d 833, 845 (7th Cir. 2007)). Instead, the Eighth Circuit has noted that RFC is a determination based on *all* of the record evidence. See Pearsall v Masanari, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citing Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995); Dykes v. Apfel, 223 F.3d 865, 866-67 (8th Cir. 2000) (per curiam) (citing 20 C.F.R. § 404.1545 and Social Security Ruling (SSR) 96-8p at 8-9). The RFC formulation is a part of the medical portion of the disability adjudication as opposed to the vocational portion, which involves consideration of age, education, and work experience. Although the RFC is a medical question, it is not based only on "medical" evidence (i.e., evidence from medical reports or sources). Instead, an ALJ has the duty to formulate RFC based

7

on all the relevant and credible evidence of record. McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (noting that the Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations); Roberts v. Apfel, 222 F.3d 466, 469 (8th Cir. 2000); 20 C.F.R. § 416.925; SSR 96-8p.

Here, in keeping with SSR 96-8p's requirement that an ALJ offer a thorough discussion and analysis of the objective medical and other evidence including the individual's complaints of pain and other symptoms, the ALJ summarized the relevant medical evidence and plaintiff's subjective allegations. Similarly, as SSR 96-8p requires, the ALJ considered plaintiff's subjective allegations about pain and other symptoms, the ALJ weighed the evidence, and the ALJ found those allegations not credible. The ALJ further properly weighed the medical evidence of record, and crafted plaintiff's RFC accordingly. The ALJ observed that the lack of evidence of disuse-muscle atrophy was incompatible with the level of activity alleged. Furthermore, the ALJ found that the limited treatment since the current claim was filed undermined plaintiff's credibility.

I find that the ALJ was capable of properly determining plaintiff's physical RFC without the need for a medical opinion.

Next, plaintiff argues the ALJ should have supplemented the medical record by ordering a consultative psychological examination.

An ALJ is required to order medical examinations and tests only where the medical records presented to her do not give sufficient medical evidence to determine whether the claimant is disabled. Barrett v. Shalala, 38 F.3d 1019, 1023 (8th Cir. 1994); 20 C.F.R. § 416.919a(b), Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005) ("Although that duty [to fully develop the record] may include re-contacting a treating physician for clarification of an opinion, that duty arises only if a crucial issue is undeveloped.").

8

Furthermore, it is plaintiff's responsibility to provide medical evidence to show that she is disabled. 20 C.F.R. § 416.912; Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

While the medical record here is admittedly sparse, the ALJ only needs to supplement the record when it is insufficient to make a well-reasoned decision. In the instant case, the ALJ cited several factors that he considered in determining plaintiff's RFC. For example, he noted medical examinations on February 17, 2009 and August 31, 2009, which were within normal limits. There were no significant complaints as to any on-going mental condition and mental status and neuro-psychiatric examinations were grossly unremarkable (Tr. 335-36, 377-78). Similarly, when plaintiff was treated for right-arm complaints in May 2010, there were no psychiatric complaints and her neuro-psychiatric evaluation was unremarkable (Tr. 501-07). The ALJ also noted that plaintiff testified that she has not had her anti-anxiety medication "for quite some time" (Tr. 26). Furthermore, since the filing of her current claim, plaintiff has not been hospitalized for any mental condition or been followed by any mental-health professional.

The record includes an opinion by Geoffrey Sutton, Ph.D., a Missouri Disability Determinations Service (DDS), psychological consultant, who opined that plaintiff has mild restriction of activities of daily activities; mild difficulties maintaining social functioning; mild difficulties maintaining concentration, persistence, or pace; and no repeated episodes of decompensation (Tr. 345-56). As the Commissioner notes, although the ALJ did not specifically mention Dr. Sutton's opinion in his decision, the ALJ stated that he considered the evidence of record (Tr. 12) and his decision mirrors the functional ratings provided by Dr. Sutton (Tr. 355), except that the ALJ gave plaintiff the benefit of the doubt and found her depression was severe, and therefore included some non-exertional limitations in the RFC.

The ALJ found no insufficiency of evidence. There was no "crucial issue" remaining

9

undeveloped in plaintiff's claim that would require the ALJ to obtain a consultative examination.

In summary, I find there is substantial evidence supporting the ALJ's RFC, and therefore the ALJ did not need to supplement the record with additional medical opinions or consulting examinations.

## VII.  CONCLUSIONS

Based on all of the above, I find that the substantial evidence in the record as a whole supports the ALJ's decision finding plaintiff not disabled. Therefore, it is

ORDERED that plaintiff's motion for summary judgment is denied. It is further

ORDERED that the decision of the Commissioner is affirmed.

                                                       /s/ Robert E. Larsen
                                                     ROBERT E. LARSEN
                                                     United States Magistrate Judge

February 18, 2014
Kansas City, Missouri